MORRISON | FOERSTER

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

December 1, 2021

Writer's Direct Contact
+1 (212) 468.8203
JLevitt@mofo.com

**By ECF and E-mail**

Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   *Prospect Capital Corporation v. Silicon Valley Bank*; Case No. 1:21-cv-00314-JPC
      Unopposed Request to Seal and Redact Exhibits to the Declaration of Jamie A.
      Levitt in Support of Defendant's Motion to Dismiss the First Amended Complaint

Dear Judge Cronan:

Pursuant to Rule 4(B) of Your Honor's Individual Rules and Practices in Civil Cases, Defendant Silicon Valley Bank ("SVB"), with the consent of Plaintiff Prospect Capital Corporation ("Prospect"), respectfully requests leave to file Exhibits A, B, and C to the Declaration of Jamie A. Levitt in Support of Defendant's forthcoming Motion to Dismiss under seal, and to file Exhibit E with redactions (collectively, the "Confidential Information"). SVB brings this motion, with regard to Exhibits A and B, at the request of third party Keane Holdings Inc. ("KHI").

The Confidential Information is either incorporated by reference in, or is integral to, the First Amended Complaint,[1] and it demonstrates, contrary to Prospect's unsupported assertions, that Prospect cannot allege a breach under the relevant agreements, or any injury caused by SVB. SVB therefore intends to submit the Confidential Information in support of its Motion to Dismiss the First Amended Complaint. However, because the Confidential Information contains detailed, non-public information, including sensitive financial information and information concerning the parties' loan transactions, good cause exists to seal and redact the Confidential Information.

The Second Circuit has held that the public's right to access must be "balanced against 'competing considerations' such as 'the privacy interests of those resisting disclosure.'" *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 142 (2d Cir. 2016)

---

[1] *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider . . . documents incorporated by reference in the complaint."); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) ("Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint.") (internal citations omitted).

MORRISON | FOERSTER

Honorable John P. Cronan
December 1, 2021
Page Two

(quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)). "[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)).

In balancing these factors, courts in this district evaluate: "'(1) the extent to which information is known outside the business; (2) the extent to which information is known to those inside the business; (3) the measures taken to guard the secrecy of the information; and (4) the value of the information to the business and its competitors.'" *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 144 (S.D.N.Y. 1997). Additionally, "[p]otential damage from the release of sensitive business information has been deemed a ground for denying access to court documents." *Bergen Brunswig Corp. v. IVAX Corp.*, No. 97 2003 (PKL), 1998 U.S. Dist. LEXIS 3045, at *7-8 (S.D.N.Y. Mar. 12, 1998); *New York v. Actavis*, PLC, No. 14 Civ. 7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) ("Courts can seal 'business information that might harm a litigant's competitive standing' in the market."). Further, Federal Rule of Civil Procedure 5.2(a) militates in favor of privacy related redactions for parties' sensitive financial account information. Fed. R. Civ. P. 5.2(a).

The Confidential Information satisfies the above standards. Exhibits A, B, and C are sensitive business agreements between Prospect, SVB, and certain third parties, which contain detailed terms and conditions, and the specific obligations and responsibilities of each party. Exhibits E contains sensitive financial information and account numbers for SVB and certain third parties. This information is confidential and not known to the public, and the relevant parties have a privacy interest in the latter document. The entities involved in the agreements and transfers at issue strictly maintain their confidentiality. Disclosure of this information could harm the parties, as it could allow competitors to gain insight into how they and other third parties structure their loan agreements, such that their businesses could be significantly harmed, or could put their sensitive financial account information at risk. Further, SVB's redaction request is narrowly tailored to remove the sensitive financial information and account numbers from Exhibit E, rather than seeking to seal the document in its entirety.

Ample authority supports sealing the Confidential Information. *Capri Sun GmbH v. Am. Beverage Corporation*, No. 1:19-CV-01422 (PAE), 2021 WL 3036589, at *2 (S.D.N.Y. July 16, 2021) ("Documents of this nature – containing information revealing the terms of such [sensitive business] contracts…are among those this Court routinely recognizes as justifying protection from the public view when used in litigation."); *News Corp. v. CB Neptune Holdings, LLC*, No. 21 CIV. 04610 (VSB), 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (granting motion to seal exhibits, including a "lengthy [non public] acquisition agreement" where "disclosure of the acquisition's economic terms…could disadvantage [defendants'] in future…negotiations with third parties."); *Graczyk v. Verizon Commc'ns, Inc.*, No. 18 CIV. 6465 (PGG), 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) ("privacy interests outweigh the public's interest in the

**MORRISON | FOERSTER**

Honorable John P. Cronan
December 1, 2021
Page Three

redacted material. Indeed, courts in this Circuit routinely permit parties to redact sensitive financial information.…")

    Accordingly, SVB respectfully requests entry of an order granting this letter motion to seal Exhibits A, B, and C to the December 1, 2021 Declaration of Jamie A. Levitt in Support of SVB's Motion to Dismiss, and to redact Exhibit E.

Thank you for your consideration.

SVB's request is granted. Exhibits A, B, and C to the December 1, 2021 Declaration of Jamie A. Levitt in Support of SVB's Motion to Dismiss ("Declaration") shall be filed under seal. Exhibit E to the Declaration shall be filed with the redactions requested by Defendants.

Respectfully submitted,

*/s/ Jamie A. Levitt*
Jamie A. Levitt
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019
jlevitt@mofo.com
(212) 468-8000

SO ORDERED.

Date:   December 2, 2021
           New York, New York

JOHN P. CRONAN
United States District Judge

*Counsel for Silicon Valley Bank*

cc:    Abraham Shaw, Esq., Counsel for Prospect Capital Corp.
       Anna-Lisa Vanzo, Esq., Counsel for Silicon Valley Bank